**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHAD ALLEN BRUNER** | ) | **CASE NO. 16-01116-5-JNC** |
| **SSN:  XXX-XX-9666** | ) | |
| | ) | **CHAPTER 13** |
| **JENNIFER NEAL BRUNER** | ) | |
| **SSN: XXX-XX-3062** | ) | |
| | ) | |
| **DEBTORS** | ) | |
| | ) | |

**MOTION TO ALLOW LOAN MODIFICATION**

      **NOW COMES**, Home Point Financial Corporation to be heard and being heard before the United States Bankruptcy Judge for the Eastern District of North Carolina and it appearing to the Court and the Court finding that:

1.      The Debtors filed a Voluntary Petition pursuant to Chapter 13 of Title 11 of the United States Bankruptcy Code on March 3, 2016.

2.      HPF, is a secured creditor in this bankruptcy holding the Note secured on property located at 112 Hawthorne Road, Greenville, NC 27858 (the "Subject Property"), and more particularly described in a Deed of Trust recorded in Book 3115, Page 362 in the Pitt County Register of Deeds, North Carolina.

3.      HPF requests that the Court enter an order approving said modification prior to execution. A copy of the proposed Loan Modification Agreement is attached hereto, marked as Exhibit "A", and incorporated herein by reference. The modification terms include the following:

| Item | Original | Modified |
|---|---|---|
| Maturity Date: | 7/1/2043 | 8/1/2048 |
| Interest Rate: | 3.6250% | 4.750% |
| Interest Rate Type: | FIXED | FIXED |
| New Principal Balance: | $132,554.00 | $116.554.28 |
| Monthly Principal & Interest: | $604.51 | $608.00 |
| Monthly Escrow Payment: | $327.69 | $327.69 |
| Total Monthly Payment: | $932.20 | $935.69 |

4.      Debtors understand and accept that the escrow payments may be adjusted periodically in accordance with the applicable law and therefore the total monthly payment may change accordingly.

5.      Upon court approval, and finalization of the modification, the Debtors shall make the regular monthly mortgage payments to HPF effective with the first modified payment due date on September 1, 2018.

6.      Upon court approval of said Loan Modification Agreement, Home Point Financial will, if necessary, amend its Proof of Claim. This modification is in the best interest of the Debtors as it brings the loan contractually current through August, 2018.

**WHEREFORE**, Home Point Financial Corporation respectfully prays to the court the following:

1.      That HPF's Motion to Allow Loan Modification be granted.

2.      That HPF be entitled to recover its reasonable fees and expenses incurred in connection with seeking Court approval to allow loan modification.

3.      For such other and further relief as the Court deems just and proper.

This the 1st day of October, 2018.

HUTCHENS LAW FIRM

BY:  _s/S. Troy Staley_
        S. TROY STALEY
        Attorney for Movant
        NC State Bar No: 43229
        Post Office Box 2505
        4317 Ramsey Street
        Fayetteville, NC 28302
        (910) 864-2668

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHAD ALLEN BRUNER** | ) | **CASE NO. 16-01116-5-JNC** |
| **SSN:  XXX-XX-9666** | ) | |
| | ) | **CHAPTER 13** |
| **JENNIFER NEAL BRUNER** | ) | |
| **SSN: XXX-XX-3062** | ) | |
| | ) | |
| DEBTORS | ) | |
| | ) | |

**NOTICE OF OPPORTUNITY FOR HEARING**

TAKE NOTICE that an application or motion has been filed by Home Point Financial Corporation its successors and/or assigns, as their respective interest may appear. A copy of the application or motion accompanies this Notice.

TAKE FURTHER NOTICE that any response, including objection, to the relief requested in the attached application or motion, should be filed with the Clerk of the Bankruptcy Court within fourteen (14) days of the date of this Notice and a copy served on the attorney identified below and upon other parties as required by law or court order.  Any response shall clearly identify the specific motion or application to which the response is directed.

TAKE FURTHER NOTICE that if a response and a request for a hearing is filed by the Debtor, Trustee, or other parties in interest named herein in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by this Court and all interested parties will be notified accordingly.  If no request for a hearing is timely filed, the Court may rule on the Motion and response thereto ex parte without further notice.

This the 1st day of October, 2018.

HUTCHENS LAW FIRM

BY:  _s/S. Troy Staley_
      S. TROY STALEY
      Attorney for Movant
      NC State Bar No: 43229
      Post Office Box 2505
      4317 Ramsey Street
      Fayetteville, NC 28302
      (910) 864-2668

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.  THE PURPOSE OF THIS COMMUNICATION IS TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date this paper was served upon the following parties by depositing a copy enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service or via the appropriate electronic servicer:

Debtors:
Chad Allen Bruner
112 Hawthorne Road
Greenville, NC 27858

Jennifer Neal Bruner
112 Hawthorne Road
Greenville, NC 27858

Attorney for Debtor:
Leslie Locke Craft
3202-B Sunset Avenue
Rocky Mount, NC 27804

Chapter 13 Trustee:
Joseph A. Bledsoe, III
PO Box 1618
New Bern, NC  28563

This the 1st day of October, 2018.

HUTCHENS LAW FIRM

BY:  _s/S. Troy Staley_
       S. TROY STALEY
       Attorney for Creditor
       NC State Bar No: 43229
       Post Office Box 2505
       4317 Ramsey Street
       Fayetteville, NC 28302
       (910) 864-2668

**EXHIBIT A**

**After Recording Return To:**
RUTH RUHL, P.C.
Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**This Instrument was Prepared By:**
RUTH RUHL, P.C.
Ruth Ruhl, Esquire
12700 Park Central Drive, Suite 850
Dallas, Texas 75251
and Co-Counsel, PC Law Associates, LLC
11610 North Community House Road, Suite 200
Charlotte, NC 28277

[Space Above This Line For Recording Data]

Loan No.:  0000384772

FHA Case No.:  387-1808329-703

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this     13th day of    August, 2018        ,
between Chad A Bruner, and wife Jennifer Bruner

("Borrower")

and Home Point Financial Corporation

("Lender"),

amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated
June 12th, 2013        , recorded June 13th, 2013        , and recorded in Book/Liber 3115        , Page 326        ,
Instrument No. N/A                    , of the            Records of Pitt            County, North Carolina
and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and
personal property described in the Security Instrument and defined therein as the "Property," located at
112 HAWTHORNE RD, GREENVILLE, North Carolina 27858

Loan No.: 0000384772

the real property described being set forth as follows:
SEE EXHIBIT "A"  ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of  September 1st, 2018  , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 116,554.28  , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of  4.750  %, from August 1st, 2018  .  Borrower promises to make monthly payments of principal and interest of U.S. $ 608.00  , beginning on the 1st  day of  September  ,  2018  , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full.  The yearly rate of  4.750  % will remain in effect until principal and interest are paid in full.  If on August 1st, 2048  , (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with ail other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument, however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No.: 0000384772

    5.      Borrower understands and agrees that:

    (a)     All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)     All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law.  Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c)     Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (d)     All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

    (e)     Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

    (f)     Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower  information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's  loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging☐.

    6.      If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

    7.      Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph.

Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a

Loan No.: 0000384772

waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower  shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

---

**NORTH CAROLINA LOAN MODIFICATION AGREEMENT**
**(FNMA Modified Form 3179 1/01 (rev. 04/14))**

Loan No.: 0000384772

_8 – 21 – 18_
Date

_Cha A. B_ (Seal)
Chad A Bruner ——Borrower

_8-21-18_
Date

_J. Bru_ (Seal)
Jennifer Bruner ——Borrower

_____ (Seal)
Date ——Borrower

_____ (Seal)
Date ——Borrower

## BORROWER ACKNOWLEDGMENT

State of   North Carolina §
§ ss.:
County of   Lenoir §

I,   Stacey G Hill _____, a Notary Public
*[name of official and official title],* do hereby certify that  Chad A Bruner and Jennifer Bruner

*[name of the grantor or maker]* personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal (where an official seal is required by law), this the 21st day of
August _____, 2018 _____.

(Seal)

_Stacey G Hill_
Signature of Officer Taking Acknowledgment

Typed/Printed Name: Stacey G Hill

My Commission Expires: July 13, 2020

STACEY G HILL
NOTARY PUBLIC
LENOIR COUNTY, NC

ACKNOWLEDGMENT (NORTH CAROLINA)                                                  Page 5 of 6

Loan No.: 0000384772

Home Point Financial Corporation
                    —Lender

_8/29/18_
                    -Date

By: _____

Printed/Typed Name: _David Hernandez_

Its: _Loss mitigation manager_

## LENDER ACKNOWLEDGMENT

State of      Texas        §
                               §    ss.:

County of  Dallas        §

     I, _Stephanie Brooke Greaver_ , Notary Public

*[name of officer taking acknowledgment]*, Notary Public                    *[official title of officer taking*
*acknowledgment]* certify that _David Hernandez_ personally came before me this day and
acknowledged that he (or she) is _Loss mitigation manager_ of Home Point Financial Corporation

*[name of said entity]*, a entity, and that by authority duly given and as the act of said entity, the foregoing instrument
was signed in its name by its _Loss mitigation manager_ sealed with its corporate seal.
     Witness my hand and official seal (where an official seal is required by law), this the _29_ day of
_August_ , _2018_ .

(Seal)

STEPHANIE BROOKE GREAVER
Notary Public, State of Texas
Comm. Expires 02-21-2021
Notary ID 131014739

_____
Signature of Officer Taking Acknowledgment

Typed/Printed Name: _Stephanie Brooke Greaver_

My Commission Expires: _2-21-2021_

**ACKNOWLEDGMENT (NORTH CAROLINA)**
                                                              **Page 6 of 6**

Loan No.: 0000384772

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:**  The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.


_____          _____
Chad A Bruner                               -Borrower          Jennifer Bruner                             -Borrower


_____          _____
                                            -Borrower                                                      -Borrower


NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)                                        **Page 1 of 1**

Loan No.: 0000384772

# CORRECTION AGREEMENT

**Borrower(s):** Chad A Bruner and Jennifer Bruner       **Property:** 112 HAWTHORNE RD, GREENVILLE, North Carolina 27858

**Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.**

**"Borrower" is Chad A Bruner and Jennifer Bruner.**

**"Lender" is Home Point Financial Corporation**
**, and its successors or assigns.**
**"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.**
**"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.**
**"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.**

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $116,554.28 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER:  Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY:  If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

| | |
|---|---|
| Chad A Bruner            **-Borrower (Date)** | Jennifer Bruner            **-Borrower (Date)** |
| **-Borrower (Date)** | **-Borrower (Date)** |

Loan No.: 0000384772

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                              BORROWER:

N/A Modification _____          _____ 8-21-18
                          (Date)              Chad A Bruner              (Date)

N/A Modification _____          _____ 8-21-18
                          (Date)              Jennifer Bruner            (Date)

_____                   _____
                          (Date)                                        (Date)

_____                   _____
                          (Date)                                        (Date)

**ATTORNEY SELECTION NOTICE -MULTISTATE**                          **Page 1 of 1**

# Exhibit "A"
# Legal Description

**PARCEL 1:**

*BEGINNING AT AN IRON STAKE LOCATED AT THE NORTHEAST CORNER OF LOT NO. 21, OAKHURST SUBDIVISION, SEC. NO.2, AS SAME APPEARS IN MAP BOOK 22, PAGES 15AND 15A, A CORNER WITH LOT NO. 22; AND RUNS THENCE N. 78-39W. 396.0 FEET TO THE CENTER OF HARDEE RUN, A CORNER; THENCE S 74-38-35 E. 401 FEAT TO AN IRON POST IN THE SOUTHERN TERMINUS OF HAWTHORNE ROAD, A CORNER; THENCE S. 73-39-09 E. 33.25 FEET TO AN IRON POST, A CORNER; THENCE N. 15-56-14 E. 30 FEET TO AN IRON POST, A CORNER; THENCE S. 47-24 E. 110.00 FEET TO AN IRON POST, A CORNER; THENCE S. 58-53 W.153.43 FEET TO THE BEGINNING AND BEING SHOWN ON SURVEY PLAT FOR LINDA MOONEY, BY WILLIARD R. WALL, R.S., DATED MAY 4, 1989, WHICH SURVEY IS INCORPORATED HEREIN BY REFERENCE.*

**PARCEL 2:**

*LYING AND BEING IN GREENVILLE, GREENVILLE TOWNSHIP, PITT COUNTY, NORTH CAROLINA AND BEING ALL OF LOT 15A CONTAINING 1,222 SQUARE FEET MORE OR LESS AS SHOWN ON THE MAP ENTITLED "SURVEY FOR MARY BLAIR CARR" PREPARED BY BALDWIN AND ASSOCIATES AND RECORDED IN MAP BOOK 57, PAGE 143 OF THE PITT COUNTY REGISTRY.*

*THE PURPOSE OF THIS DEED IS TO COMBINE LOT 15 WITH THE ADJOINING TRACT OF LAND OWNED BY LINDA MOONEY EVIDENCED BY THE DEED RECORDED IN BOOK 222, PAGE 338, PITT COUNTY REGISTRY.*

Loan No.:  0000384772

FHA Case No.:  387-1808329-703

# PROMISSORY NOTE

August 13th, 2018

112 HAWTHORNE RD, GREENVILLE, North Carolina 27858

**1.   PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

**2.   BORROWER'S PROMISE TO PAY**

In return for a loan received from Lender, Borrower promises to pay the principal sum of  six thousand seven hundred forty five and 21/100

Dollars (U.S. $  6,745.21          ), to the order of the Lender.

**3.   PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument."  The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.   MANNER OF PAYMENT**

**(A) Time**

On  August 1st, 2048          or, if earlier, when the first of the following events occurs:

(i)    Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)   The maturity date of the primary Note has been accelerated, or

(iii)  The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

**(B) Place**

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

**5.   BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty.  If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Loan No.:  0000384772

## 6.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor.  "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_8-21-18_____    _____(Seal)
Date                                             Chad A Bruner                           –Borrower

_8-21-18_____    _____(Seal)
Date                                             Jennifer Bruner                        –Borrower

_____    _____(Seal)
Date                                                                                             –Borrower

_____    _____(Seal)
Date                                                                                             –Borrower

**MULTISTATE SUBORDINATE NOTE**                                    **Page 2 of 2**
                                                                                         **Rev. 07/13**

**After Recording Return To:**
RUTH RUHL, P.C.
Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**This Instrument was Prepared By:**
RUTH RUHL, P.C.
Ruth Ruhl, Esquire
12700 Park Central Drive, Suite 850
Dallas, Texas 75251
and Co-Counsel, PC Law Associates, LLC
11610 North Community House Road, Suite 200
Charlotte, NC 28277

_____[Space Above This Line For Recording Data]

Loan No.:  0000384772

FHA Case No.:  387-1808329-703

# PARTIAL CLAIM DEED OF TRUST

THIS SUBORDINATE DEED OF TRUST ("Security Instrument") is given on   August 13th, 2018          .
The Grantor is   Chad A Bruner, and wife Jennifer Bruner, whose address is 112 HAWTHORNE RD,
GREENVILLE, North Carolina 27858

("Borrower").
The trustee is  G. Tommy Bastian, Esquire                          ("Trustee").  The beneficiary is the Secretary of
Housing and Urban Development, and whose address is 451 Seventh Street.  SW, Washington, DC 20410
("Lender").  Borrower owes Lender the principal sum of   six thousand seven hundred forty five and 21/100
Dollars (U.S. $ 6,745.21          ).  This debt is evidenced by Borrower's note
dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and
payable on August 1st, 2048          .  This Security Instrument secures to Lender: (a) the repayment of the debt
evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other
sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of
Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower, in
consideration of the debt and the trust herein created irrevocably warrants, grants and conveys to the trustee, in trust,
with power of sale, the following described property located in  Pitt                          County, North Carolina:

---

**NORTH CAROLINA PARTIAL CLAIM DEED OF TRUST**

Page 1 of 5
Rev. 06/15

Loan No.:   0000384772

SEE EXHIBIT "A"  ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of  112 HAWTHORNE RD, GREENVILLE, North Carolina 27858

("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1.    **Payment of Principal.**  Borrower shall pay when due the principal of the debt evidenced by the Note.

2.    **Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3.    **Successors and Assigns Bound; Joint and Several Liability; Co-signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

---

**NORTH CAROLINA PARTIAL CLAIM DEED OF TRUST**                                    Page 2 of 5
Rev. 06/15

Loan No.:  0000384772

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph.

**5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, and if it is determined in a hearing held in accordance with Applicable Law that Trustee can proceed to sale, Trustee shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as Applicable Law may require. After the time required by Applicable Law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, Trustee's fees of 5.00% of the gross sale price; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The interest rate set forth in the Note shall apply whether before or after any judgment on the indebtedness evidenced by the Note.

---

**NORTH CAROLINA PARTIAL CLAIM DEED OF TRUST**

Loan No.:  0000384772

  **If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act.  Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or Applicable Law.**

  **8. Release.** Upon payment of all sums secured by this Security Instrument, Lender or Trustee shall cancel this Security Instrument.  If Trustee is requested to release this Security Instrument, all notes evidencing debt secured by this Security Instrument shall be surrendered to Trustee.  Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

  **9. Substitute Trustee.** Lender may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

  **10. Attorneys' Fees.** Attorneys' fees must be reasonable.

---

**NORTH CAROLINA PARTIAL CLAIM DEED OF TRUST**

Loan No.:   0000384772

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_8-21-18_____        _____(Seal)
Date                                                    Chad A Bruner                    –Borrower

_8-21-18_____        _____(Seal)
Date                                                    Jennifer Bruner                    –Borrower

_____        _____(Seal)
Date                                                                                              –Borrower

_____        _____(Seal)
Date                                                                                              –Borrower

State of North Carolina, §
                                        §
County of Lenoir           §

I, Stacey G. Hill_____, Notary Public [name of official and official title], do hereby certify that   Chad A Bruner and Jennifer Bruner

[name of the grantor or maker] personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal (where an official seal is required by law), this August 21, 2018[date].

(Official Seal, if any)

**NOTARY PUBLIC**
STACEY G HILL
LENOIR COUNTY, NC

_____
Signature of Officer Taking Acknowledgment

My Commission Expires:

July 13, 2020

**NORTH CAROLINA PARTIAL CLAIM DEED OF TRUST**                    Page 5 of 5
                                                                                            Rev. 06/15

Loan No.: 0000384772

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:**  The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.


| | |
|---|---|
| Chad A Bruner                                     -Borrower | Jennifer Bruner                                   -Borrower |
| | |
| _____    -Borrower | _____    -Borrower |

Loan No.: 0000384772

# CORRECTION AGREEMENT

**Borrower(s):** Chad A Bruner and Jennifer Bruner          **Property:** 112 HAWTHORNE RD, GREENVILLE, North Carolina 27858

**Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.**

"Borrower" **is** Chad A Bruner and Jennifer Bruner          .

"Lender" **is** Secretary of Housing and Urban Development , **and its successors or assigns.** "Loan" **means the debt evidenced by the Note and all sums due under the Subordinate Security Instrument.** "Note" **means the promissory note(s) signed by Borrower in favor Lender or any assignee of Lender.** "Security Instrument" **means the Subordinate Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.**

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: **In consideration of the HUD Partial Claim offered by Lender in the amount of $6,745.21 and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender, or any other investor, to enforce its rights under the Loan documents.**

REQUEST BY LENDER: **Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be** prima facie **evidence of the necessity for same. A written statement addressed to Borrower at the address in the Loan documents shall be considered conclusive evidence of the necessity for Requested Documents.**

BORROWER LIABILITY: **If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.**

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_(signature)_ 8-21-18                              _(signature)_ 8-21-18

Chad A Bruner                **-Borrower (Date)**      Jennifer Bruner                **-Borrower (Date)**


_____                    _____
                             **-Borrower (Date)**                                  **-Borrower (Date)**

Loan No.: 0000384772

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                    BORROWER:

N/A Modification _____          _____  8-21-18
                        (Date)             Chad A Bruner              (Date)

N/A Modification _____          _____  8-21-18
                        (Date)             Jennifer Bruner            (Date)

_____                           _____
            (Date)                                            (Date)

_____                           _____
            (Date)                                            (Date)

**ATTORNEY SELECTION NOTICE -MULTISTATE**                          **Page 1 of 1**